IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARCUS NAGEL, FLA. I.D. #571900508, | ) ) ) | CIV. NO. 19-00123 DKW-RLP |
| Plaintiff, | ) ) ) | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION |
| vs. | ) ) | |
| HILTON, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the Court is pro se Plaintiff Marcus Nagel's prisoner civil rights Complaint and application to proceed in forma pauperis. Nagel is incarcerated at the Joseph V. Conte Facility, located in Pompano Beach, Florida.[1] Nagel names 117 Defendants, many of whom are unidentified, and none of whom are alleged to be residents of Hawaii.[2]

Nagel alleges forty-four causes of action and seeks $15 million in compensatory and punitive damages and unidentified declaratory and injunctive

---

[1]Nagel's in forma pauperis application suggests Fort Lauderdale, Florida as his current address, and he also lists his address as Auckland, New Zealand. His return address and public records, however, show that he is at the Joseph V. Conte Facility. https://apps.sheriff.org/ArrestSearch/InmateDetail/261900107.

[2]Nagel only asserts addresses for *some* Defendants in New York, New Jersey, Maryland, Washington, D.C., Florida, California, Australia, New Zealand, and Saudi Arabia.

relief.³  *See* Compl., ECF No. 1, PageID #12-14.  Neither federal nor Hawaii public criminal databases show that Nagel was arrested or convicted in Hawaii, and nothing within the record suggests any connection between Nagel's claims and Hawaii.

For the following reasons, Nagel's in forma pauperis application is DENIED, and this action is DISMISSED with prejudice as legally and factually frivolous and for failure to state a colorable claim for relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I.  **STATUTORY SCREENING**

The court is required to screen Nagel's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

---

³Nagel alleges: Assault; Battery; Defamation; Intentional and Negligent Infliction of Emotional Distress; Negligence; Strict Liability; Tortious Interference with Contract; RICO Violations; Invasion of Privacy; Public Disclosure of Private Facts; Intimidation; Loss of Consortium; Loss of Income; Unlawful Harassment, Discrimination, and Retaliation; Fraud; Fraudulent and Negligent Misrepresentation; Qui Tam; Conspiracy; Attempt; USC Criminal Violations; US Treaty Violations; Violation of Human Rights; Breach of Privilege and Attorney Work Doctrine; Agent Liability; Vicarious Liability; Statutory Liability; Breach of Trust; Deceit; FINRA Rules Violations; SEC IA Rules Violations; Failure to Supervise; Conversion; Trespass to Chattels; AML Violations; Bank Fraud; Facilitation; Solicitation; Accessing; Aiding/Abetting. Compl., ECF No. 1, PageID #12-14.

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A claim is legally frivolous when it lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325. A complaint lacks an arguable basis in fact when "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The critical inquiry is whether a claim, however inartfully pled, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); *Franklin*, 745 F.2d at 1227.

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **DISCUSSION**

Nagel's forty-one page pleading is replete with incoherent and completely conclusory statements. It is effectively impossible to understand what Nagel alleges Defendants did to violate his federal rights or why he chose to bring this action in the District of Hawaii. That is, there appears to be no legal, comprehensible allegations in the Complaint, or any explanation why venue for this action exists in the District of Hawaii. Nagel's Complaint clearly satisfies *Neitzke*'s and *Denton*'s frivolousness standard and is DISMISSED as legally frivolous and implausible on its face, and for its failure to state any claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007).

Nagel filed four other actions in the District of Hawaii on or within days of the date that he commenced this action, all alleging virtually identical causes of

action against most of the same defendants.[4] The complaints in these cases are equally incoherent, fantastical, and conclusory, with no apparent connection to Hawaii. The Court has also reviewed Nagel's actions dismissed as frivolous or for failure to state a claim in other federal district courts.[5] Based on the complaint herein, and Nagel's other filings in this and other federal district courts, this Court is convinced that granting Nagel leave to amend is futile, and this dismissal is with prejudice.

## III. CONCLUSION

This action is DISMISSED with prejudice, and Nagel's Application to Proceed In Forma Pauperis is DENIED. Unless overturned on appeal, this dismissal may count as a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of

---

[4]*See Nagel v. Diaz, et al.*, No. 1:19-cv-00110 HG-RT; *Nagel v. Janvier, et al.*, No. 1:19-cv-00111 DKW-RT; *Nagel v. 425 Park South Tower Corp., et al.*, No. 1:19-cv-00112 LEK-KJM; *Nagel v. Warren, et al.*, No. 1:19-cv-00113 LEK-RT.

[5]*See e.g.*, *Nagel, et al. v. United States, et al.*, No. 1:18-cv-02326 UNA (D.C.D.C. Nov. 19,2018) (dismissing non-prisoner action as frivolous); *Nagel, et al. v. City of New York, et al.*, No. 1:18-cv-02454 (D.C.D.C. Nov. 14,2018) (dismissing non-prisoner action as frivolous); *Nagel, et al. v. Nagel, et al.*, No. 1:18-cv-20623 (S.D. Fla. Feb. 20, 2018) (dismissing prisoner action for failure to state a claim).

Court shall close the file and terminate this case. The Court will entertain no further filings in this action beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: March 14, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Marcus Nagel v. Hilton, et al*; Civil No. 19-00123 DKW-RLP; **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION**

*Nagel v. Hilton, et al.*, No. 1:19-cv-000123 DKW-RLP; Scrng '19 Nagel 123 dkw.